UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:04CV-172-M

ELAINE L. CHAO, Secretary of Labor,                                    PLAINTIFF
United States Department of Labor

V.

PEABODY COAL COMPANY                                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss by Defendant, Peabody Coal

Company [DN 11]. Fully briefed, this matter stands ripe for decision. For the reasons set

forth below, Defendant's Motion to Dismiss is **DENIED.**

## I. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P.

12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff,

accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can

prove no set of facts in support of its claim that would entitle it to relief. Sistrunk v. City of

Strongsville, 99 F.3d 194, 197 (6th Cir.1996), cert. denied, 520 U.S. 1251 (1997). A judge

may not grant a Fed. R. Civ. P. 12(b)(6) motion based on a disbelief of a complaint's factual

allegations. Wright v. MetroHealth Medical Center, 58 F.3d 1130, 1138 (6th Cir. 1995), cert.

denied, 516 U.S. 1158 (1996). A Fed. R. Civ. P. 12(b)(6) motion tests whether the plaintiff

has stated a claim for which the law provides relief. Gazette v. City of Pontiac, 41 F.3d

1061, 1064 (6th Cir.1994).

The standard of review requires that a plaintiff plead more than bare legal conclusions. Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir.1996). The complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Gazette, 41 F.3d at 1064. "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Lillard, 76 F.3d at 726 (citation omitted). In deciding a motion to dismiss, the Court may consider all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken. Hirsch v. Arthur Anderson & Co., 72 F.3d 1085, 1092 (2d Cir.1995).

## II. BACKGROUND

In this case, Plaintiff, the United States Department of Labor (DOL), seeks reimbursement for payments made out of the Black Lung Disability Trust Fund (Trust Fund) to Margie Givens (Mrs. Givens). The DOL seeks reimbursement from Defendant Peabody Coal Company (Peabody), the employer of Mrs. Givens' late husband, pursuant to the terms of the Black Lung Benefits Act (BLBA).

The BLBA provides disability and medical benefits to coal miners who are totally disabled due to pneumoconiosis (black lung disease) arising out of coal mine employment. It also provides survivor's benefits to certain eligible survivors of coal miners who were totally disabled due to pneumoconiosis at the time of their death or who died due to pneumoconiosis. In July of 1978, Mr. Givens filed claims for black lung benefits under both

the BLBA and the Kentucky workers' compensation statute.  On May 23, 1980, an ALJ awarded federal black lung benefits to Mr. Givens.  Peabody accepted responsibility for the federal payments at that time.

In 1981, Mr. Givens was awarded Kentucky workers' compensation benefits for total disability due to pneumoconiosis.  This award was paid by the Kentucky Special Fund. Federal black lung benefits, however, are to be reduced "by the amount of any compensation received under or pursuant to any Federal or State workmen's compensation law because of death or disability due to pneumoconiosis." 30 U.S.C. § 932(g).  Over the course of the next few years, the Givenses received $58,278.68 more in benefits than they were entitled to receive because their federal benefits were not correspondingly reduced.

This "omission" was discovered in mid-1989, shortly after Mr. Givens passed away.[1] Thus, Mrs. Givens received only state benefits from 1989 through June of 1994.  In 1997, Mrs. Givens asked the District Director (Director) about the status of her federal survivor benefits as her state benefits had expired.[2]  The Director, an employee of the Office of Workers' Compensation Programs ("OWCP"), is the initial adjudicator of black lung claims. 20 C.F.R. § § 725.350, 725.351.  The Director issued an amended award of benefits dated April 21, 1998, which ordered Peabody to commence monthly payments of survivor's

---

[1]Upon Mr. Givens' death, Mrs. Givens became automatically entitled to Black Lung survivor's benefits.

[2]The Kentucky workers' compensation law applicable to Mr. Givens' claim provided for the continuation of state disability benefit payments to the surviving spouse of a deceased employee-beneficiary until the expiration of the employee's life expectancy or her widowhood, whichever was earlier.  KRS § 342.730(3).  The expiration of Mrs. Givens' state award was based on the former.

benefits.  The payments were to be both prospective and retroactive.

In May of 1998, Peabody notified the Director that it would not comply with his order. In 1993 Peabody and Mrs. Givens had agreed that any future survivor's benefits Peabody owed to her would be setoff against the amount of overpayment that the Givenses had received during Mr. Givens' lifetime.  In consideration, Peabody agreed not to pursue an action for fraud or for any other possible claims against Mrs. Givens.

Because Peabody refused to pay Mrs. Givens' federal benefits pursuant to the 1998 amended order, the DOL has paid Mrs. Givens out of the Trust Fund every month from May 1998 through the filing of this action.  Pursuant to 26 U.S.C. § 9501(d)(1)(A), the Trust Fund must pay any benefits that the responsible coal mine operator fails to pay.  Upon Peabody's refusal to pay, the Director referred the matter to an ALJ for resolution. The ALJ and the DOL have decision-making authority over the determination of whether a black-lung-benefits claim exists.  After a hearing, the ALJ determined that Mrs. Givens' claim was already final (under the 1980 award) and that, pursuant to 30 U.S.C. § 932, Peabody Coal was clearly liable for her benefits.  Noting that jurisdiction for the enforcement of agency orders lies in the district courts pursuant to 30 U.S.C. § 934(b)(4)(A), the ALJ determined that as this matter concerned collection and reimbursement, he lacked subject matter jurisdiction. The Benefits Review Board upheld the ALJ's ruling in an October 31, 2001 Decision and Order.

The Sixth Circuit affirmed the Benefits Review Board in a case styled Dir., Office of Worker's Comp. Program v. Peabody Coal Co., 330 F.3d 830 (6th Cir.2003).  In so doing,

-4-

it noted that despite the Director's attempt to characterize the dispute as one concerning the initial determination of a benefits claim, the claim was instead a collection action to enforce the administrative agency's order.[3]  Id. at 834.   Thus, the ALJ and the Board lacked jurisdiction to decide the dispute, and the matter was properly vested in the district courts pursuant to § 934(b)(4)(A).  Id.

The Director then filed the present action in this Court on November 29, 2004.  The action seeks a judgment in the amount of $45,788.85, plus interest, which represents the total amount the Trust Fund has paid Mrs. Givens from May of 1998 through November of 2004.

### III. DISCUSSION

#### A. Failure to State a Claim under the Statute of Limitations

In its motion to dismiss, Peabody asserts a defense based on the BLBA's six-year statute of limitations as set forth in 30 U.S.C. § 934(b)(4)(B).   Both parties agree that the six-year statute of limitations is applicable.   The following sections of the BLBA are relevant in resolving this dispute:

First, § 934(b)(1) states,

(b)(1) If--

(A) an amount is paid out of the fund to an individual entitled to benefits under section 932 of this title, and

---

[3]Although parties are generally required to exhaust their administrative remedies before seeking review by a federal court of appeals, the BLBA does call for federal court jurisdiction when the Secretary of the DOL brings an action to enforce a lien against an operator who fails to make payments to the Black Lung Disability Trust Fund.  B & S Coal Co. v. Director, Office of Workers' Compensation Programs, United States DOL, 35 F.3d 1041, 1043 (6th Cir.1994).

(B) the Secretary determines, under the provisions of sections 932 and 933 of this title, that an operator was required to secure the payment of all or a portion of such benefits,

then the operator is liable to the United States for repayment to the fund of the amount of such benefits the payment of which is properly attributed to him plus interest thereon.

Second, § 934(b)(4)(B) sets forth the applicable statute of limitations:

The liability imposed by paragraph (1) may be collected at a proceeding in court if the proceeding is commenced within 6 years after the date on which the liability was finally determined...

The pivotal question here, of course, is when the liability was finally determined. Peabody contends that its liability was "finally determined" on one of three possible dates: (1) in mid-1989, when Peabody disputed any liability to the Trust Fund for payments to Mrs. Givens on account of her fraud; (2) in 1993, after the Stipulation Agreement in which Mrs. Givens agreed that she would not seek payments from Peabody; or (3) in April 1998, when the Director ordered Peabody to pay monthly survivor benefits to Mrs. Givens and Peabody refused to do so.  Peabody argues that the DOL's claim is time-barred since all of these dates fall outside the six-year statute of limitations period.

The DOL makes two distinct arguments, both of which endorse a "continuing violation" theory.  Their first argument is based on what they view as analogous statutes of limitations in other federal and state statutes.  Their second argument is based on the full text of § 934.  In that argument, the DOL interprets the six-year statute of limitations period as commencing only when there is both a final determination of the operator's liability and a

Trust Fund payment on behalf of a defaulting operator.  As the Trust Fund makes monthly payments, the DOL's interpretation of § 934 allows for many accrual dates.

As an initial matter, the Court finds this statute to be clear and unambiguous.  Where a statute is clear, a plain language analysis is the beginning and end of a judicial inquiry into the meaning of the provision.  See Reiter v. Sonotone Corp., 442 U.S. 330, 337 (1979).  DOL's citation to other statutes is thus unpersuasive.

Before deciding when the liability was finally determined, it is important to understand what "liability" is being addressed in § 934.  In the first sentence of § 934(b)(4)(B), there are two references to **"the liability."**  When the statute speaks of a proceeding to be "commenced within 6 years after the date on which **the liability** was finally determined," **the liability** referenced is clearly "[t]he liability imposed by paragraph (1)."  Hence, the more narrow question the Court must decide is when  "[t]he liability imposed by paragraph (1)" was finally determined.

The language of § 934(b)(1) is conjunctive rather than disjunctive, and thus two events must occur for an operator to be liable under the statute.  First, an amount must be paid out of the fund to an individual entitled to benefits.  § 934(b)(1)(A).  Second, the Secretary must determine that an operator was required to secure the payment of all or a portion of such benefits.  § 934(b)(1)(B).  The statute does not specify the order in which those two preconditions to liability must occur; rather, it only states that they both must occur for the operator to be liable to the United States for repayment to the fund.

Peabody's interpretation fails to take into account the full text of § 934.  Peabody

focuses only on the date of the Secretary's final determination under § 932 and § 933 of the operator's responsibility for the payment of benefits, which is only part of the equation. In this case, the Secretary determined that Peabody was the operator responsible for the payment of benefits to Mr. Givens long before there was any payment out of the Trust Fund. Under Peabody's approach, a suit to recover the liability imposed by statute could be time barred before the liability even exists. Peabody insists this absurd result is dictated by the precise language of the statute. It argues that the words "finally determined" are words of art and that nothing is finally determined by the payment of trust funds by DOL. The Court disagrees.

"The liability imposed by paragraph (1)" is not the liability which arises as a result of the Secretary's final determination under § 932 and § 933 that Peabody is the coal operator responsible for securing the payment of black lung benefits to Mr. Givens. The liability imposed by § 934(b)(1) is triggered only by the payment of trust funds to an individual who should be paid by a responsible coal operator instead. If trust fund payments occur before a determination is made that a particular coal operator is responsible, then "[t]he liability imposed by paragraph (1)" cannot be finally determined until the Secretary's determination under § 932 and § 933 is final. However, if, as in this case, the Secretary's determination of responsibility occurs before any payment is made out of the trust fund, then "[t]he liability imposed by paragraph (1)" cannot be finally determined until a payment is made out of the fund. Thus, under the facts of this case, the payment of trust funds finally determines the liability imposed by statute for the amounts paid.

"The liability imposed by paragraph (1)" is a liability "to the United States for repayment to the fund of the amount of such benefits."  In this case, neither party disputes that the Secretary determined Peabody to be the responsible party  no later than May of 1998. Since May of 1998, the Trust Fund has made monthly payments to Mrs. Givens. Consequently, each time the Trust Fund made a payment to Mrs. Givens, both preconditions were met for a cause of action to accrue for the liability imposed by statute.  The DOL concedes that the BLBA's six-year limitations period bars recovery of the amounts the Trust Fund paid Mrs. Givens for the period from May of 1998 through October of 1998. Otherwise, the action is timely.

### B. Failure to Name a Necessary Party

Also before the Court is Peabody's Motion to Dismiss for failure to name a necessary party, Mrs. Givens, under F.R.C.P. 19(a)(2)(ii).  Peabody contends that the Court should join Mrs. Givens because she meets the criteria of a "necessary" party as set forth in F.R.C.P. 19. The DOL argues that neither of the criteria required to join a party as "necessary" are met in this case.

F.R.C.P. 19(a) provides in pertinent part that a party is necessary "if the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may...leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."  Thus, the essential inquiries are whether Mrs. Givens has an interest relating to the subject of this action, and if so, whether the disposition of this action in Mrs.

-9-

Givens' absence leave Peabody subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations?

> For an absentee to be said to have an "interest" in the litigation,
>
> The Rule specifically requires that the potential harm threaten an absentee's "interest relating to the subject matter of the action."...The absentee must have a direct stake in the pending litigation...The impact of an adjudication on the absentee's interest must be "direct and immediate."  Clearly, then, if the outcome of the litigation will have no practical effect on the absentee's interest, the absentee is not a necessary party.

4 Moore's Federal Practice para. 19.03[3][b].

The subject matter of this action is whether Peabody must reimburse the Trust Fund. Peabody's success or failure in this litigation ultimately has no effect on whether Mrs. Givens will continue to receive payments.  Having concluded that Mrs. Givens lacks an interest relating to the subject of this action, the Court need not engage in any further analysis under F.R.C.P. 19.

## IV. CONCLUSION

For the foregoing reasons, the motion by the Defendant to dismiss [DN 11] is **DENIED.**

cc: counsel of record
04cv-172Peabody3

-10-